JDeadeRICK, J.,
delivered the opinion of the court.
On the 21st of September, 1870, the complainants filed their attachment bill in the Chancery Court at Chattanooga against defendants, alleging thát defendants, Richards, Stanton and Taylor, composing the firm of Richards, Stanton & Co., were indebted to them in the sum of $3,670.37, and that they were non-residents of Tennessee, and that they had some personal property within the jurisdiction of the State which they were about to remove out of the State. The property was attached, and defendants replevied it, giving bond in double the amount of complainants’, debt. A subpoena to answer was also issued, and was served on defendants. At the return term, to-wit, on the 25th January, 1871, the defendants plead in abatement that they were not about to remove their property out of the State.
Upon the next day the solicitor of defendants demurred to the bill, and for causes of demurrer they say, that not waiving their plea to abate the attachment, they are not bound to answer other charges in complainants’ bill otherwise than by demurrer, and for cause of demurrer say: 1st. No original attachment can lawfully issue upon charges made against these defendants; that one of their said firm, viz., Charles Stanton, was a non-resident. 2d. No original attachment can lawfully issue upon charges made against these defendants in said bill; that they are in embarrassed and straightened circumstances. 3d. There are no charges in any part, or parts of said bill other than *713 ■ those traversed by the said plea in abatement upon which an original attachment can lawfully issue, etc.
On the 8th of April, 1871, without leave of the court, what purports to be another plea in abatement is . filed, alleging that Charles H. Stanton, one of the defendants, was not a non-resident of Tennessee at the time of the filing of complainants’ bill.
On the 20th of April, 1871, complainants moved the court to strike the pleas of defendant from the file, because, amongst other reasons, the plea in abatement is overruled and abandoned by the filing of the demurrer, which motion was allowed, and on argument, the demurrer was overruled and defendants were allowed' time to answer.
-Failing to answer within the time allowed, judgment pro eonfesso was taken against defendants at August rules, and on the 12th of January, 1872, a final decree rendered against Richards, Stanton & Taylor, and their sureties on the replevy bond, for the amount of complainants’ debt and ’interest, from which decree said Richards, Stanton & Co. have appealed to this court.
In the view we have taken of this cause, it is unnecessary to discuss or decide the validity of the plea 'in abatement first filed, as we think, assuming it to be sufficient in form, it is defective in substance, in not traversing all the grounds which. are alleged for the issuance of the attachment. The first plea does not deny that defendants are non-residents of the State, and this is distinctly alleged in the bill— not merely that Stanton is a non-resident, but the *714 bill distinctly alleges that all the defendants are nonresidents. The first plea in abatement does not aver-that they, or any one of them, was not a non-resident. But one ground of demurrer -is, that the bill charges that one of the firm was a non-resident, and the second plea in abatement makes the same defense. The filing of the demurrer not only precluded the-defendants from relying upon a plea in abatement subsequently filed, but was a waiver or abandonment of' the defense made by the plea previously filed.
The order in which defenses may be made in the-chancery courts is given in sec. 4384 of the Code.. The adoption of any one is a waiver of those preceding it, and leave of the court is necessary to withdraw an answer and to file a demurrer, or to withdraw a demurrer to file a plea in abatement.
The decree of the Chancellor will be affirmed.